IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02403-MSK-MEH

COVELO CLOTHING, INC.,

Plaintiff,

v.

ATLANDIA IMPORTS, INC.,

Defendant.

___

**ORDER ON MOTION TO QUASH SUBPOENA**
___

Before the Court is Plaintiff's Motion to Quash Subpoena Issued by Atlandia Imports, Inc. [Docket #1]. The matter is briefed and has been referred to this Court for resolution [Docket #2]. For the reasons stated below, the Court **denies** the Motion to Quash.

**I.    Background**

This is a discovery dispute related to Civil Action No. 06-cv-00480-WYD-MEH, *Atlandia Imports, Inc. v. Zimmer Enterprises, Inc.*[1] Atlandia Imports issued a non-party subpoena to two officers of Covelo Clothing, Inc., seeking all documents related to any services provided by Deborah Doyle since 2000. Covelo Clothing argues that the documents requested are irrelevant, and that certain requested documents contain confidential trade secrets. Atlandia Imports argues that any confidential documents can be produced subject to the protective order issued in Civil Action No. 06-cv-00480-WYD-MEH. Covelo Clothing contends that this protective order is insufficient because

---

[1] Atlandia Imports has also filed suit against Deborah Doyle, Civil Action No. 07-cv-00450-WYD-MEH, and counsel in both cases have stipulated that any discovery obtained in either case may be used in the other case.

it would allow officers of Atlandia Imports, direct competitors of Covelo's, to view trade secrets. Covelo further contends that the protective order does not apply to Covelo, a non party.

Covelo Clothing and Atlandia Imports both design, manufacture, and market distinctive clothing designs. Atlandia Imports has alleged that Zimmer Enterprises' products infringe upon its designs and copyrights, and that Deborah Doyle has designed many of the infringing products. Both Zimmer Enterprises and Covelo Clothing have retained the services of Deborah Doyle, a former employee of Atlandia Imports, for clothing design. The documents Atlandia Imports seeks in the subpoenas at issue relate to work performed by Deborah Doyle on behalf of Covelo Clothing. Both Covelo and Atlandia argue that their clothing has distinctive designs and unique patterns that readily identify their product to knowledgeable consumers. Due to their status as competitors, Covelo resists producing designs of its upcoming 2008 clothing line, which has just begun production.

## II. Discussion

Pursuant to Rule 45, the Court may modify a subpoena or specify the conditions of production if the subpoena seeks trade secrets or other confidential information. Fed. R. Civ. P. 45(c)(3)(B). The decision to modify or specify conditions of productions rests within the sound discretion of the trial court. *SEC v. Dowdell*, 144 Fed. Appx. 716, 723 (10th Cir. 2005). In determining the proper level of protection, the Court must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure. *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). With regard to an attorney's-eyes-only provision, confidential information that may be used against the company by a direct competitor is generally afforded more protection. *See A/R Roofing, L.L.C. v. Certainteed Corp.*, No. 05-1158, 2005 U.S. Dist. LEXIS 31145 (D. Kan. Dec. 5, 2005) (finding that disclosure

of information that could place one party at a disadvantage in the marketplace supported an attorney-eyes-only provision); *see also Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866 (E.D. Pa. 1981) ("Competitive disadvantage is a type of harm cognizable under rule 26.").

First, the Court finds that the information sought is relevant to both pending civil actions. Deborah Doyle has performed work for Atlandia Imports, Zimmer Enterprises, and Covelo Clothing, and her work is at issue in both lawsuits. The work Deborah Doyle has performed for Covelo is relevant to Atlandia's case against her and its claim that Ms. Doyle has infringed Atlandia's copyrights in her designs for other companies.

Second, Covelo Clothing argues that its designs for the 2008 clothing line are trade secrets which require protection from competitors. Atlandia Imports does not dispute that some of the documents requested could contain trade secrets but does assert that the protective order issued in Civil Action No. 06-cv-00480-WYD-MEH is sufficient to protect these documents because it contains an attorney-eyes-only provision. In Reply, Covelo argues that the protective order already in place is insufficient because it would allow "Atlandia's employees, officers and directors to view the design lines for 2008 and other unreleased designs." Dock. #5, p.2. Covelo requests that the Court limit production to Atlandia's counsel and that the Court order that "Atlandia may not use the subpoenaed confidential or trade secret information to modify its clothing lines or its marketing or compete against Covelo in any way." *Id.* at 3. Nowhere in Covelo's briefing does it explain how the attorney-eyes-only provision in the existing protective order does not meet these requests. In fact, Covelo's argument that it is not protected because it is not a party to the lawsuit is at odds with the Federal Rules of Civil Procedure, as well as the protective order at issue. Because the subpoena was issued in Civil Action No. 06-cv-00480-WYD-MEH, and it required Covelo to produce documents,

3

Covelo could have filed the instant Motion to Quash in that lawsuit as an Interest Party. *See Dowdell*, 144 Fed. Appx. at 722-23) (discussing standing for seeking a protective order as an intervening party). In addition, the protective order refers throughout to the "Producing Party," not solely the Plaintiff and Defendant in that lawsuit. As an Interested Party responding to a subpoena, Covelo is a "Producing Party." The Court has reviewed the protective order and finds that Covelo can produce its designs under the "CONFIDENTIAL--OUTSIDE COUNSELS' EYES ONLY" provision of the Confidentiality Protective Order (Dock. #39, Civil Action No. 06-cv-00480-WYD-MEH) and receive the protections it requests.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff Covelo Clothing Inc.'s Motion to Quash Subpoena Issued by Atlandia Imports, Inc. [Filed November 15, 2007; Docket #1] is **denied**. Covelo may designate its documents as appropriate under the Confidentiality Protective Order entered in Civil Action No. 06-cv-00480-WYD-MEH, Dock. #39 and shall produce the subpoenaed documents on or before **December 17, 2007**. Defendant's request for attorney's fees is denied.

Dated at Denver, Colorado, this 5th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge